IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ROGELIO BAZA-TOLEDO, | * | |
| Petitioner, | * | CASE NO. 7:05-CV-3 HL |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 7:02-CR- 22 CAR |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Rogelio Baza-Toledo, herein after Baza, filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 in this court on January 19, 2005 ( R-118), collaterally attacking the 170 month sentence and judgment entered in the above referenced criminal case on October 28, 2003 (R-105). Petitioner Baza, having been indicted for Possession With Intent to Distribute More Than Five Kilograms of Cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(ii), entered into a Plea Agreement with the Government on August 19, 2003 (R-97) and pled guilty to one Count of the offense charged. Petitioner Baza set out at paragraph 7 of his Plea Agreement, the factual basis for his guilty plea to the charge and stipulated that "for the purposes of computing the guideline range pursuant to U.S.S.G. § 1B1.3, Relevant Conduct, the amount of contraband attributed to the Defendant is more than 15 kilograms but less than 50 kilograms of cocaine." Petitioner appealed his sentence which was affirmed by the Eleventh Circuit Court of Appeals on July 26, 2004 (R-117). His present § 2255 Motion is timely filed.

**Petitioner's § 2255 Claims**

Petitioner's Grounds for relief are found in the Attachment to his § 2255 Motion and are prefaced by his Statement of the Case, Statement of Facts, and Plea Agreement With Government. In the latter section, Petitioner Baza states, "Defendant, Rogelio Baza admitted his guilt on Count One, the charge that he possessed with intent to distribute more than five Kilograms of cocaine, understanding that he faced a minimum sentence of ten years."

In his Ground 1, Petitioner Baza alleges ineffective assistance of counsel in four specific claims:

> (a) Counsel failed to investigate or discover potentially exculpatory evidence. Counsel made no investigation having to do with facts, laws and/or objections of the case to meet the standard in a criminal defense at a minimum conduct appropriate investigation both factual and legal to determine if matter of defense can be developed and to allow himself enough time to reflect and prepare for trial in order to provide minimally competent professional representation;
>
> (b) Counsel was ineffective for allowing Defendant to enter into a Plea Agreement that left the Defendant 'without' the right to challenge a sentence that had not yet been imposed;
>
> (c) Counsel was ineffective for not challenging the enhancement for possession of a firearm; and
>
> (d) Counsel was ineffective for not challenging the third point for Defendant's Acceptance of Responsibility.

STANDARD OF REVIEW

In *Thompson v. Nagle,* 118 F.3d 1442, 1450 (11th Cir. 1997), the Eleventh Circuit Court of Appeals held:

> The Sixth and Fourteenth Amendments entitle a criminal defendant to the effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984); *Routly v. Singletary,* 33 F.3d 1279 (11th Cir. 1994). A defendant claiming ineffective assistance of counsel must show first that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. Second, a criminal defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. at 2068. The burden is on the petitioner to establish both of these elements, *Atkins v. Singletary,* 965 F.2d 952, 958 (11th Cir. 1992), and the burden is a heavy one. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066; *see also Horton v. Zant,* 941 F.2d 1449, 1460 (11th Cir. 1991) (Reviewing courts "should presume effectiveness and should avoid second-guessing with the benefit of hindsight.")

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Court. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford*

3

*v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Discussion of Petitioner's Claims

Petitioner's **Ground 1(a)** claim that, Counsel failed to investigate or discover potentially exculpatory evidence, together with all of his comments in that regard, is so vague and conclusory that as to be insufficient to support an ineffective assistance claim. Conclusory claims are not cognizable and therefore do not merit consideration. *State v. Jones,* 61 4 F.2d 80 (5th Cir. 1980). *"Conclusory allegations* of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992). The real problem in this claim by Petitioner Baza is that Petitioner has only suggested that Counsel may have found *potentially exculpatory evidence* had he investigated further. Petitioner is under the burden of demonstrating some meritorious defense that would be more than potentially exculpatory. Petitioner decided to plead guilty in this case, and pleading guilty necessarily admits the commission of the crime charged. *See United States v. Broce,* 488 U.S. 653, 570, 109 S.Ct. 757, 762 (1989). His claim here suggests that counsel should have manufactured an exculpatory defense for a

guilty defendant. Petitioner does not carrying his burden of showing that his counsel failed in reasonable representation or that he suffered detriment by counsel's conduct. He states that, after counsel made an analysis of his case under the circumstances at the time, he determined that he should enter a guilty plea. Petitioner Baza does not say that he disagreed with counsel's analysis or that he wanted to go to trial in the case. The presumption of reasonably professional legal conduct prevails to defeat this claim of ineffective assistance of counsel.

In his **Ground 1(b)** claim of ineffective assistance of counsel, Petitioner Baza's allegation that Counsel was ineffective for allowing Defendant to enter into a Plea Agreement that left the Defendant 'without' the right to challenge a sentence that had not yet been imposed, fails to state a claim upon which this court may grant relief. Petitioner appealed his sentence and the Eleventh Circuit Court of Appeals found that he had entered a "valid appeal waiver contained in (his) plea agreement." (R-117). Petitioner's claim implies that the waiver of appeal was invalid and that his counsel should not have allowed him to enter into the Plea Agreement with such a waiver. The Court of Appeals' finding that the appeal waiver in the plea agreement was valid obviates this court's right to second guess. The Eleventh Circuit Court held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct

>appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

Petitioner's **Ground 1(c)** claim of that his counsel was ineffective for not challenging the enhancement for possession of a firearm is without merit. This claim must be addressed along with Petitioner's **Ground 2** claim that, "The District Court committed plain error in enhancing defendant's sentence by two levels for possession of a Firearm." The "ineffective assistance of counsel" and the "plain error" must be viewed in light of the guideline mandate and the facts admitted by Petitioner.

U.S.S.G. § 2D1.1(b)(1) provides that, "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels. The guideline commentary further provides that, "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Note 3 to the guideline states, "Once the prosecution has shown by a preponderance of the evidence that the firearm was present a the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." In this case, Petitioner Baza admitted by his stipulation in his Plea Agreement that, during a search of his residence subsequent to his arrest, approximately 10 additional kilograms of powder cocaine, 4 firearms, and $74, 208.60 cash was discovered. (R-97 at 9). Furthermore, in his § 2255 Grounds Attachment at page 3, Petitioner Baza states,

6

"Defendant recognizes that firearms are "tools of the trade" in drug conspiracies." By so doing he relieved the Government of any burden to prove any "clear improbability that the weapons were connected to the offenses", particularly in the related conduct of conspiracy to traffick in cocaine.

U.S.S.G. § 2D1.1(b)(1), recited above, does not contain a discretionary provision. If the firearms were present and if the connection to the crime cannot be shown to be clearly improbable, the points are to be added. There was no ineffective assistance of counsel for failure to object to the enhancement for the presence of the four firearms with the 10 additional kilograms of cocaine admittedly found in Petitioner's residence under search warrant after his arrest. Likewise, the record does not suggest that the court committed any plain error in assessing the enhancement under U.S.S.G. § 2D1.1(b)(1). There being no error, it cannot be plain. Nor were Petitioner's substantial rights effected. His guilty plea was based upon his stipulated facts that 4 firearms were found with 10 kilograms of cocaine. The probability of the connection is *res ipsa loquitur*, in view of Petitioner's recognition of the "tools of the trade." *See Olana v. United States,* 507 U.S. 725 113 S.Ct. 1770 (1993).

Petitioner's **Ground 1(d)**, that Counsel was ineffective for not challenging the denial of the third point for Defendant's Acceptance of Responsibility under U.S.S.G. § 3E1.1(b), for timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the court to allocate its resources efficiently. As **Ground 3,** Petitioner alleges likewise that, The District Court erred in

denying defendant a full three points for acceptance of responsibility.

Counsel was not ineffective and the court did not err, because Petitioner Baza was not entitled to the third point. Baza was indicted on December 4, 2002 (R-1); went through discovery procedure requiring the Government to produce its evidence and witness list against him; had the case set for trial although it was postponed when Petitioner's first counsel withdrew from his case and the trial was continued upon motion of second counsel until August 25, 2003. (R-69, 78, 80, 84, 86, 87, 89, 90, 93). A pretrial conference was held on August 13, 2003 (R-96), and Petitioner Baza decided to enter his plea of guilty on August 19, 2003, five days before the August 25th trial date. (R-98). It cannot be said by any stretch of the imagination that Petitioner Baza so timely notified the authorities of his intention to enter a plea of guilty as to permit the Government to avoid preparing for trial and to allocate its resources more efficiently elsewhere. There is no merit in Petitioner's claim to that third point in acceptance responsibility as provided by U.S.S.G. § 2D1.1(b)(1), and therefore no ineffective assistance of counsel for not insisting on a meritless claim. *See United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992) (Attorney not ineffective for failing to argue a meritless issue).

As **Ground 4/5,** Petitioner Baza alleges, "Defendant did not waive his sixth amendment right to ineffective (sic) assistance of counsel." Petitioner contends he did not knowingly waive his right to appeal sentencing enhancement "imposed solely on the basis of facts reflected in his PSI that "was not" admitted by the Defendant nor determined by a

8

jury and proved beyond a reasonable doubt. He cites to *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348 (2000); *Blakely v. Washington,* 124 S.Ct. 2531 (2004); and *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005). There are two fallacies in this allegation by Petitioner Baza.

First, in the Stipulation of Facts in his § 2255 Motion and his ¶ 7 stipulation of what "the Government could prove beyond a reasonable doubt", Petitioner Baza did in fact admit all of the facts upon which his sentence was based. He specifically admitted at paragraph 7 of his Plea Agreement, the factual basis for his guilty plea to the charge and stipulated that "for the purposes of computing the guideline range pursuant to U.S.S.G. § 1B1.3, Relevant Conduct, the amount of contraband attributed to the Defendant is more than 15 kilograms but less than 50 kilograms of cocaine." He was indicted under 21 U.S.C. § 841(b)(1)(A)(ii) which provides for a sentence of a minimum mandatory ten (10) year imprisonment to life. He received a 170 month incarceration sentence well within the range for the offense to which he confessed his guilt.

Secondly, the *Apprendi/Blakely/Booker* principles are not available to him, as his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 is a collateral attack on his sentence. The Eleventh Circuit Court of Appeals' analysis of the *Apprendi/Blakely/Booker* principles in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holds:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and

9

> 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §

10

2255 cases on collateral review).

Petitioner Baza has stated no grounds in his § 2255 Motion To Vacate, Set Aside, or Correct his Sentence upon which this court may grant relief. Additionally, Petitioner Baza has filed belatedly, on the 12th day of July 2005, a request for appointment of counsel which is without merit, moot at this point, and should be denied.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 13th day of July 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE