IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ROGELIO BAZA-TOLEDO,** : | |
| : | |
| Petitioner, : | |
| : | |
| vs. : | 7:05-CV-3 (CAR) |
| : | Petition under 28 U.S.C. § 2255 |
| **UNITED STATES OF AMERICA,** : | |
| : | 7:02-cr-22 (CAR) |
| Respondent. : | |

## *ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 128] that Petitioner Baza's petition seeking federal habeas corpus relief [Doc. 118] be dismissed. Petitioner filed an Objection to the Recommendation [Doc. 129].

The United States Magistrate Judge recommended dismissing Petitioner's current habeas petition for failure to state any grounds upon which the court may grant relief. In so concluding, the Judge determined, among other things, that Petitioner's sentence was not subject to Blakely and Booker review. The Judge relied on Eleventh Circuit decisions holding that Blakely and Booker do not apply retroactively. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); see also In re Jerry J. Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

In his Reply to Report and Recommendation, Petitioner argues that Blakely and Booker

principles are available to him in his collateral attack on his sentence. More specifically, Petitioner argues that this Court has the authority to make an independent determination that new rules announced by the Supreme Court should be applied retroactively to cases on collateral review. Petitioner likely is correct that "§ 2255(3) does not require the retroactivity decision to be made by the Supreme Court." See Garcia v. United States, 278 F.3d 1210, 1213 & n.4 (assuming the same to be a correct statement of law and noting that only one court of appeals has held otherwise). However, the Eleventh Circuit already has ruled that Blakely and Booker do not apply retroactively to § 2255 cases on collateral review. Consequently, Petitioner is mistaken in arguing that such principles are available to him.

Having considered all of Petitioner's arguments, including those not discussed in this Order, the briefs of the parties, the United States Magistrate Judge's Report and Recommendation, and Petitioner's Reply thereto, the Court agrees with the Recommendation. Accordingly, the Recommendation that Petitioner's petition for writ of habeas corpus be denied is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 11th day of January, 2006.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL
        UNITED STATES DISTRICT JUDGE
        MIDDLE DISTRICT OF GEORGIA

AEG/ssh